%JS 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Henry Chan

**DEFENDANTS**
Academy Collection Services, Inc.

(b) County of Residence of First Listed Plaintiff: Montgomery Co., MD

County of Residence of First Listed Defendant: Philadelphia Co. PA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Warren & Vullings, LLP, 1603 Rhawn St. Phila. PA 19111
215-745-9800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act 11 U.S.C. 1692

Brief description of cause:
Violation of FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE: 10/10/2008

SIGNATURE OF ATTORNEY OF RECORD: /s/ Bruce K. Warren, Esq.

bruce@warrenvullingslaw.com

UNITED STATES DISTRICT COURT                                                  APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Henry Chan, 2300 Patternbond Dr., Silver Spring, MD 20902

Address of Defendant: Academy Collection Services, Inc., 10965 Decatur Road, Philadelphia, PA 19154

Place of Accident, Incident or Transaction: Philadelphia County, PA
*(Use Reverse Side for additional space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed. R.Civ.P. 7.1(a))     Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number _____   Judge _____   Date Terminated _____

(Civil cases are deemed related when yes is answered to any of the following questions)

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or in any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No ☒

CIVIL (Place X in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please Specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
    (Please Specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Bruce K. Warren, Counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/10/08      /s/Bruce K. Warren      89677
                    Attorney-at-Law          Attorney ID.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this Court except as noted above.

DATE: 10/10/08      /s/Bruce K. Warren      89677
                    Attorney-at-Law          Attorney ID #

CIV.609 (4/03)

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

Henry Chan

V.

Academy Collection Services, Inc.                                                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on tie plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255.                              ( )

(b) Social Security- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                    ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                             ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.                  (x)

| 10/10/08 | /s/Bruce K. Warren | *Plaintiff* |
|----------|--------------------|-------------|
| Date     | **Attorney-at-law** | **Attorney for** |
| 215-745-9800 | 215-745-7880 | Bruce@warrenvullingslaw.com |
| Telephone | FAX Number | E -Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY CHAN<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ACADEMY COLLECTION SERVICES, INC.<br><br>　　　　Defendant. | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Henry Chan, by and through his undersigned counsel, Bruce Warren of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

I. **INTRODUCTORY STATEMENT**

1. Plaintiff, Henry Chan (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. **JURISDICTION**

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains its corporate office in Philadelphia, PA.

III. **PARTIES**

4. Plaintiff, Henry Chan is an adult natural person residing at 2300 Patternbond Dr., Silver Spring, MD 20902.

5. Defendant, Academy Collection Services, Inc. ("Defendant"), at all times relevant hereto, was a collection agency engaged in the business of collecting debt within the Commonwealth of Pennsylvania, with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV. **FACTUAL ALLEGATIONS**

7. On March 12, 2008 at 2:06 p.m., Plaintiff began receiving calls from Defendant looking for a man named Piyarat Bumrungsiri. The number Defendant called from is 215-320-0424.

8. Plaintiff does not know anyone by that name nor has Plaintiff ever known anyone by that name and he expressed same when defendant contacted his cell phone.

9. Plaintiff began to receive a series of phone calls from Defendant as follows: March 31, 2008 at 2:25 p.m., April 1, 2008 at 3:13 p.m., April 2, 2008 at 12:20 p.m., April 2, 2008 at 1:03 p.m. and April 4, 2008 at 10:51 a.m. Each time an automated recording was left for Piyarat Bumrungsiri and a reference number of 14787145 was given.

10. Plaintiff sent a letter to Defendant on April 2, 2008 regarding the calls to his cell phone because they were both annoying and costly to him. Defendant confirmed in writing that they had received this letter on April 10, 2008. Please see **Exhibit** "B" attached hereto.

11. Plaintiff called Defendant on April 8, 2008 and left a message for Complaint Manager, Nancy Fortino. He requested that the calls to his cell phone cease. Defendant acknowledged in writing the message from Plaintiff. Please see **Exhibit** "B" attached hereto.

12. Not withstanding the above, on September 26, 2008 at 1:45 p.m., Plaintiff received a call from Defendant (215-320-0424) to his cell phone.

13. On September 27, 2008 at 7:59 a.m., Plaintiff received a call from Defendant to his cell phone. The number Defendant called from was 856-668-4530. A female agent of Defendant left a message in which she addressed Henry Chan by name and expressed a desire to reach Piyarat Bumrungsiri through Plaintiff. She asked Plaintiff to call her back at 866-227-0605 extension 2685. Defendant's representative failed to give her name or the name of the agency she was calling from.

14. On September 29, 2008 at 9:49 a.m., Plaintiff received a call from Defendant (856-668-4525) to his cell phone.

15. Plaintiff acquired his cell phone number in January of 2004. According to Defendant's written statement of May 8, 2008, in which Defendant claimed to have removed Plaintiff's number from their file, Defendant did not receive this collection account until March 6, 2008. Defendant was clearly using outdated information that had not been confirmed.

16. Defendants' harassing, deceptive and rude third party communications to Plaintiff are violations of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

17. The above paragraphs are hereby incorporated herein by reference.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following: 15U.S.C. §1692 b(1), b(3), c(a)(1), c(b), c(c), d, d(5), d(6), e and f.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: October 9, 2008       BY:   /s/Bruce K. Warren
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiffs

# EXHIBIT "A"

2300 Patternbond Dr.
Silver Spring, MD 20902
April 2, 2008

Academy Services
ATTN: Nancy Fortino
10965 Decatur Rd.
Philadelphia PA 19154

Ms Fortino (or whatever your real name is):

I want you to remove my cell phone number (240-401-7117) from your database. I have been getting pre-recorded debt collection notices to some person whom I don't even know on my cell phone. The phone number from which you have been calling me is 215-320-0424. Dates and Times are as follows:

4/2/08 1:03 p.m.
4/2/08 12:20 p.m.
4/1/08 3:13 p.m.
3/31/08 2:25 p.m.
3/12/08 2:06 p.m.

My repeated requests to you have not stopped the call. The receptionist, who refused to say her name, at 215-320-0424 said that you are the person to whom I should address my complaint. I am NOT the person addressed in the pre-recorded message, and I do NOT have any delinquent bills. I want you to STOP ringing my cell phone immediately! These unwanted calls are annoying me and costing me money.

If you persist, you will be violating the Fair Debt Collection Practices Act.

Your truly,

*Henry S Chan*

Henry S. Chan

cc:
Office of Attorney General
Bureau of Consumer Protection
14th Floor, Strawberry Square
Harrisburg, PA 17120

Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202

Federal Trade Commission
Consumer Response Center
600 Pennsylvania Avenue, NW
Washington, DC 20580

# EXHIBIT "B"



# ACADEMY
## Collection Service

May 8, 2008

Via Facsimile 410-333-3866

Karen D. Brooks, Financial Regulation Examiner
Department of Labor, Licensing and Regulation
Office of the Commission of Financial Regulation
500 North Calvert Street, Suite 402
Baltimore, MD 21202-3651

        RE:      Henry Chan
        Your File #:  DR-08-2061
        Our File #:  14787145

Dear Mr. Carroll:

Having reviewed our file and the above referenced complaint, we offer the following:

1) Our client Citibank (South Dakota) N.A., placed this account in our office on March 6, 2008, belonging to Piyarat Bumrungsiri. Academy did not have a valid telephone number for Piyarat Bumrungsiri, and conducted a public records search to obtain possible telephone numbers.

2) On April 8, 2008, Nancy Fortino, Complaint Manager, received a voice mail message from Mr. Chan advising us that we were calling the wrong number. Ms. Fortino immediately removed Mr. Chan's telephone number from our file and we did not call there again. This was the first notice that we received that we were calling the wrong number. No one from Academy has ever spoken to Mr. Chan, except for the receptionist that transferred Mr. Chan's call to our complaint department.

3) On April 10, 2008, we received a letter from Mr. Chan (a copy of which is attached to the complaint) advising our office that we were calling the wrong number. No action needed to be taken as Mr. Chan's telephone number had already been removed from our file.



10965 Decatur Road
Philadelphia, PA 19154
(215) 281-7500

4)   Academy regrets any inconvenience our calls may have caused Mr. Chan.

Thank you for your cooperation in this matter. Please feel free to contact me at 1-866-227-0603 ext. 2201 if I can be of further assistance.

Sincerely,

*Kathy Mills*
Kathy Mills
Paralegal